UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JIMMY R. HOWELL,

       Plaintiff,

vs.                                                                Case No.  3:06-cv-438-J-MCR

MICHAEL J. ASTRUE[1], Commissioner of
Social Security,

       Defendant.

_____/

## **O R D E R**

    **THIS CAUSE** is before the Court on Plaintiff's Uncontested  Petition for Award of

Attorney Fees Under the Equal Access to Justice Act (Doc. 15) filed March 29, 2007.

Plaintiff certifies the Commissioner has no objection to the amount sought by Plaintiff's

counsel.  This Petition follows the entry of a Judgment reversing and remanding the

decision of the ALJ in Plaintiff's favor with respect to Plaintiff's claim for benefits.  (Docs.

13 and 14).

### A.  Eligibility for Award of Fees

    Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, a party

may recover an award of attorney's fees against the government provided the party

meets five requirements: (1) the party seeking the award is the prevailing party; (2) the

---

[1]  Michael J. Astrue became the Commissioner of Social Security on February 1, 2007.  In accordance with Fed. R. Civ. P. 25(d)(1), Michael J. Astrue should be substituted as Defendant in this litigation.

application for such fees, including an itemized justification for the amount sought, is

timely filed; (3) the claimant has a net worth of less than $2 million at the time the

Complaint was filed; (4) the position of the government was not substantially justified;

and (5) there are no special circumstances which would make an award unjust.  See 28

U.S.C. § 2412(d)(1) and (2).

     1. Prevailing Party

The Judgment in this case (Doc. 18), filed on December 7, 2006, reversed the

final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and

remanded the case for further consideration.  The Supreme Court has made clear that a

plaintiff obtaining a sentence-four remand is a prevailing party.  Shalala v. Schaefer,

509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the

prevailing party in this case.

     2. Timely Application

A plaintiff must file an application for fees and other expenses within thirty days

of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is

defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G).

Because the Commissioner normally has sixty days in which to appeal, a judgment

typically becomes final after sixty days.  Fed. R. App. P. 4(a)(1)(B).  The plaintiff then

has thirty days in which to file his or her application so that an application is timely filed

if done so prior to ninety days after the judgment is entered.  See Shalala, 509 U.S. at

297-98, 113 S.Ct. at 2629; Jackson v. Chater, 99  F.3d 1086, 1095 n. 4 (11th Cir. 1996).

Here, the Judgment was entered on February 13, 2007 and the Petition was filed on March 29, 2007.  Accordingly, the Petition was timely filed.

### 3. Claimant's Net Worth

Plaintiff's counsel represents Plaintiff is not excluded from eligibility for an award under EAJA by any of the exclusions set forth in the Act.  (Doc. 15, p. 2).  Moreover, there is no contention that Plaintiff's net worth was in excess of $2 million at the time the Complaint was filed and thus, the Court finds Plaintiff's net worth was less than $2 million.

### 4. Government's Position Not Substantially Justified

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of her position as a whole.  See United States v. Jones, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997).  Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified.  In this case, the Commissioner does not dispute the issue of substantial justification, and accordingly, the Court finds his position was not substantially justified.

### 5. No Special Circumstances

The Court finds no special circumstances indicating an award of fees would be unjust.

## B.  Amount of Fees

Having determined Plaintiff is eligible for an award of fees under EAJA, we now turn to the reasonableness of the amount of fees sought.  Plaintiff requests an award of

$1,998.75 in attorney's fees, representing 13 hours at an hourly rate of $153.75 for the work performed on this case.   (Doc. 15, p. 3).  Additionally, Plaintiff seeks $350.00 for the filing fee.  Id.

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. §2412(d)(2)(A).  The Court accepts Plaintiff's contention that a statutory cost of living adjustment is appropriate to the hourly rate.  Because the Commissioner does not oppose Plaintiff's proposed hourly rate of $153.75, the Court will adopt this rate. The awarded fee may not exceed twenty-five percent of the claimant's past due benefits.  42 U.S.C. §406(b)(1).  There is no contention here that the claimed fee would exceed that amount.

The Plaintiff seeks an award based on 13 hours of attorney time.  The Court believes 13 hours of attorney time is reasonable in this case.  Therefore, the Court finds $1,998.75  ($153.75 x 13 hours) is a reasonable fee in this case.  Moreover, Plaintiff will be awarded costs in the amount of $350.00 for a total award of $2,348.75.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

1.    Plaintiff's Uncontested  Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. 15) is **GRANTED**.

2.      The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $1,998.75 for attorney's fees and $350.00 for costs for a total award of $2,348.75.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  30th  day of March, 2007.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record